**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1011
_____

IN RE: C. TATE GEORGE,
                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3-17-cv-02641)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
June 29, 2020
Before:  SMITH, Chief Judge, CHAGARES and COWEN, Circuit Judges

(Opinion filed July 8, 2020)
_____

OPINION[*]
_____

PER CURIAM

In January 2020, C. Tate George filed a pro se petition for a writ of mandamus,

asking us to direct the District Court to rule on a motion to vacate sentence that he filed

pursuant to 28 U.S.C. § 2255.  On May 26, 2020, the District Court denied the § 2255

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

motion.  <u>See</u> ECF 66, 67.  Because George has now obtained the relief that he seeks in his mandamus petition, we will dismiss the petition as moot.  <u>See</u> <u>Blanciak v. Allegheny Ludlum Corp.</u>, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").